FILED __10-11-19__
(Date)
NORTHERN DISTRICT FLORIDA
US MAGISTRATE JUDGE (Initials) HTC

## AFFIDAVIT        3:19mj267

I, Joseph Ahearn, a special agent with the Drug Enforcement Administration (DEA) in Pensacola, Florida, being duly sworn, state the following:

1. Your Affiant is a special agent (hereinafter "SA") of the United States Drug Enforcement Administration (hereinafter "DEA") within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. Your Affiant has been an SA for the DEA since June, 2010. Your Affiant has received nineteen weeks of training in drug investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. Your Affiant has received courses of instruction from DEA about investigative techniques and the conducting of drug and financial investigations. Your Affiant has participated in numerous drug-related investigations that have resulted in the arrest, apprehension, and conviction of those involved in the distribution of controlled substances. Your Affiant is familiar with the common methods of packaging and transporting of illegal controlled substances to include, but not limited to, marijuana, cocaine, methamphetamine, heroin, fentanyl, pharmaceutical medications, and synthetic narcotics to include "Spice" and "Molly." Your Affiant is also familiar with current distribution methods, packaging, and transporting of money derived from illegal narcotic sales. Your Affiant has prepared, participated in, and executed multiple search warrants for recovery of evidence involving the distribution of controlled substances. Your Affiant has been the Affiant on six federal Title III affidavits for wire and electronic interceptions. Your Affiant has assisted in the administration of at least eight additional federal Title III wire and electronic interceptions. Your Affiant's participation in said wiretaps includes wire room and surveillance operations as well as minimization.

1

3.      This affidavit is made in support of an application for a warrant authorizing the installation, monitoring, maintenance, use, repair, replacement and removal of a tracking device on a 2012 black Land Rover utility vehicle bearing Florida license plate #LSTE72 (hereinafter TARGET VEHICLE), utilized by Santiago GARZA. As set forth in this affidavit, I have probable cause to believe that GARZA, while operating this vehicle, is involved in committing violations of federal law including, but not limited to, conspiracy and possession with intent to distribute narcotics, namely cocaine, in violation of Title 21, United States Code, Sections 841 (a)(1) and 846.

4.      The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other federal, state and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an order authorizing the installation and use of an electronic tracking device, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to install, use, maintain, monitor, repair, and remove an electronic tracking device on the TARGET VEHICLE.

5.      Since December 2017, DEA agents in Brownsville, Texas, have been investigating the Jamie Lerma-BARBOSA Drug Trafficking Organization (DTO) with a base of operations in the Rio Grande Valley. Since the beginning of the investigation, Agents observed Filiberto TORRES associating with Jaime Lerma-BARBOSA and other members of the DTO. On or about May 20, 2019, Agents conducted an interview of Pedro Antonio GOMEZ (hereinafter referred to as GOMEZ). GOMEZ stated that Santiago Eduardo GARZA was the leader for a cocaine trafficking cell operating in the Pensacola, Florida region. Based on the investigation, agents believe GARZA was working closely with Jaime Lerma-BARBOSA to ship bulk cocaine to Pensacola, Florida,

through Federal Express (FedEx), via Jesus Fidencio MOLINA. GOMEZ stated that he was directed by GARZA to retrieve bulk currency shipments from a particular location throughout the U.S. and bring it back to Brownsville, Texas, for the eventual exportation into Mexico.

6.  GOMEZ also identified another individual known as Filiberto TORRES aka: "Zero," who was and is currently working closely for GARZA on the money trafficking side of the DTO. GOMEZ said TORRES is also a money carrier and is a close associate to GARZA. GOMEZ said that the DTO is distributing approximately 5-10 kilograms a week to the Pensacola, Florida region. GOMEZ said he was specifically assigned by the DTO members to coordinate with GARZA on the Florida cell of the DTO, but from conversations with other DTO members, knows of the DTO also operating a cell in Atlanta, Georgia, as well. Agents also believe, based on evidence throughout the investigation, that on October 15, 2018, the seizure of nine (9) kilograms of cocaine in Harlingen, Texas, was linked to and attributed to Jaime Lerma-BARBOSA, et.al. Agents believe that since the October 15, 2018, seizure of cocaine, GARZA distanced his operations from Jaime Lerma-BARBOSA and proceeded to utilize alternate methods of distribution for the cocaine shipments.

7.  On or about June 24, 2019, DEA Pensacola RO (PRO) was contacted by the DEA in Brownsville, Texas, and asked to conduct surveillance in the area of Gulf Breeze, Florida. SA Eyes explained DEA BRO was currently monitoring geographical location data associated with Santiago GARZA's cellular telephone. SA Eyes provided DEA Pensacola with a screen shot photograph indicating Garza's cellular telephone was located in the immediate area of 5068 Tarpon Avenue, Gulf Breeze, Florida.

8.  On or about July 1, 2019, law enforcement conducted surveillance at 5068 Tarpon Avenue and observed three vehicles, later identified as a 2012 black Land Rover Utility vehicle bearing

Florida license plate #LSTE72 (the TARGET VEHICLE), a red Chevrolet Tahoe bearing Florida tag # KCXZ12 (registered to Maria CUELLAR), and a white Ford F150 pickup bearing Florida tag # LSTF59 (registered to Filiberto TORRES). All three vehicles were observed parked in the driveway of 5068 Tarpon Avenue. A check with the Florida Driver and Vehicle Information Database (DAVID) revealed that the TARGET VEHICLE was currently registered to Santiago GARZA at 3401 Green Briar Circle, Apartment 2, Gulf Breeze, Florida.

9. On or about July 18, 2019, DEA SA Eyes in Brownsville, Texas, was contacted by a cooperating defendant (hereinafter, "CD") who provided information pertaining to the ongoing illicit activities of Santiago GARZA. Through the use of a consensually recorded call between the CD and GARZA, SA Eyes heard GARZA converse with the CD regarding a recent seizure of U.S currency in Lake Charles, Louisiana. GARZA explained to the CD that his (GARZA's) brother in law (Aldo CUELLAR) was recently stopped in Louisiana with approximately $300,000 in U.S currency. GARZA explained to the CD that the seized money was his (Garza's) and was destined for Texas to be ultimately transferred to GARZA's boss, who is suspected to operate in the Rio Grande Valley.

10. On or about July 19, 2019, a DEA Confidential Source (hereinafter referred to as CS) met with Santiago GARZA, who confirmed that GARZA was expecting a large shipment of approximately one hundred (100) kilograms of cocaine to be imported from an unknown location in south Mexico to be stored in the Brownsville, Texas area. GARZA stated that the crossing fee had already been negotiated at that time with unknown Gulf Cartel members and he was searching for a location to store the bulk cocaine. CS has no knowledge of this alleged location where the cocaine will be stored. CS also informed that GARZA met with Filiberto TORRES in Refugio, Texas.

11.     Since the October 15, 2018, seizure of cocaine, law enforcement investigators have been coordinating with DEA BRO agents regarding the DTO and parcels that were laden with cocaine destined for Pensacola, Florida. Recently, on August 27, 2019, law enforcement seized approximately twenty-two (22) kilograms of cocaine that were shipped form Brownsville, Texas, via a commercial freight company. During their investigation, it was discovered that telephone number (251) 786-0152, believed to be utilized by Filiberto TORRES, was given to the company for a point of contact for shipping and delivery purposes.

12.     On or about October 9, 2019, DEA agents conducted a search warrant in Brownsville, Texas, and seized approximately five (5) kilograms of cocaine from inside a small air compressor. During this investigation, DEA BRO observed a possible DTO associate, identified as Jose Manuel Longoria, operating a 2012 black Dodge Ram bearing Florida tag # 244TVL, registered to Rodrigo CUELLAR. A source of information (hereinafter, "SOI") informed the DEA in Brownsville that Longoria was observed offloading the large parcel at a local freight company. Agents later located a bill of lading for the parcel which provided the destination shipping address of Southern Pine Straw located at 28522 Literman Road, Elberta Alabama. Upon seizure and search of the parcel which Longoria offloaded, agents discovered the aforementioned 5 kilograms of cocaine inside an air compressor inside the parcel.

13.     On October 10, 2019, and again on October 11, 2019, law enforcement observed GARZA in Gulf Breeze, Florida, operating the TARGET VEHICLE. Law enforcement has not observed Garza in the Northern District of Florida on a regular basis between July of 2019 and October of 2019. Your affiant believes, based on training, experience, and knowledge of this investigation, that GARZA has traveled to the Northern District of Florida in order to coordinate the delivery of the aforementioned cocaine once it was to have arrived in Elberta, Alabama. As of October 11,

2019, the target vehicle remains in the Northern District of Florida.

14. Although law enforcement was able to locate GARZA'S vehicle at 5068 Tarpon Avenue, it remains unclear exactly where GARZA is obtaining his supply of cocaine or from where he is collecting the DTO proceeds from the sale of cocaine. With tracking of the TARGET VEHICLE, law enforcement will be able to monitor the movements of the TARGET VEHICLE prior to the next anticipated transportation of illegal narcotics and narcotic proceeds. Because GARZA frequently leaves the Northern District of Florida, it is still unclear where GARZA keeps the illegal narcotics and narcotic proceeds. Tracking GARZA's movements in real time will aid law enforcement in identifying different locations that may contain narcotics or narcotic proceeds.

15. Based upon my training, experience, and the facts set forth in this affidavit, there is probable cause and good cause to believe that the TARGET VEHICLE is continuing to be used by GARZA in the furtherance of drug trafficking activity, including to transport cocaine for distribution and to transport narcotics proceeds. The use of an electronic tracking device on the TARGET VEHICLE will provide additional evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution or possession with intent to distribute a controlled substance and conspiracy). This evidence is expected to include stash or storage locations of controlled substances and the identities of co-conspirators.

16. Due to the location of the residence where the TARGET VEHICLE has been observed to be parked, agents intend to install the electronic tracking device on the TARGET VEHICLE when it is deemed safe for law enforcement agents to do so. It is unknown at what time this will occur. Agents will take into account the safety of all officers involved and any other parties present, as well as the integrity of the investigation when performing the installation of the electronic tracking device.

17.     Notifying GARZA of the installation and use of the tracker at the conclusion of the authorized period will compromise the integrity of the ongoing investigation into GARZA's drug trafficking activity; therefore, a delay in notification is necessary.

18.     WHEREFORE, your affiant requests authorization to use, maintain, monitor, and remove an electronic tracking device on the TARGET VEHICLE, identified as a 2012 black Land Rover utility vehicle, bearing Florida license plate number LSTE72, and further requests authorization to use, maintain and monitor said device for a period not to exceed forty-five (45) days from the date of this order.

SPECIAL AGENT JOSEPH AHEARN
DRUG ENFORCMENT ADMINISTRATION

Sworn to and subscribed before me this 11th day of October, 2019.

HONORABLE HOPE T. CANNON
UNITED STATES MAGISTRATE JUDGE

7